UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| WANDA MARIE SEXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:11-CV-54-JMH |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) **MEMORANDUM OPINION AND ORDER** |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income ("SSI"). [DE 9, 10].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed for SSI on July 6, 2007, alleging an onset of disability that same day, due to low back pain; left wrist and hand pain; right knee pain; anxiety; and depression. [AR 31, 43-46]. A hearing on her application was conducted on February 11, 2009 [AR 40], and her application was denied by Administrative Law Judge ("ALJ") James A. Sparks on July 22, 2009. [AR 39]. Plaintiff

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

timely pursued and exhausted her administrative remedies, and this matter is ripe for review and properly before this Court under 42 U.S.C. § 1383(c)(3).

Plaintiff was thirty-six-years-old at the time of the ALJ's final decision. [AR 43]. She has a ninth-grade education [AR 43-44] and engaged in previous work as a restaurant cook, a sawmill worker, and a nurse's aide in a retirement home. [AR 109]. One of Plaintiff's primary bases for claiming that she is disabled is left wrist and hand pain, numbness, and swelling. [AR 48]. Plaintiff injured her left wrist and hand in a car accident and subsequently underwent some type of reparative surgery in 2005. [AR 211]. Objective testing revealed evidence of an old radius fracture, but was otherwise unremarkable. [*See* AR 414-419]. Plaintiff also complains of low back pain. [AR 50]. An x-ray, which included multiple views of the lumbar spine, revealed no abnormalities. [AR 424]. In September 2010, Plaintiff was treated for low back pain by Dr. Robert Kneteche. [AR 496]. A lumbar MRI revealed a mild disc bulge at L4-5, but Dr. Kneteche did not feel that the bulge was significant enough to be the source of Plaintiff's extreme pain, and he opined that the pain was probably of coccygeal origin. [AR 498]. A subsequent examination by a treating physician's assistant revealed good range of motion and strength, as well as a normal, non-antalgic gait. [AR 502-503]. Plaintiff was also able to tandem walk forward and backward. *Id.*

Plaintiff also complains of right knee pain, reporting that she has severe arthritis in that knee. [AR 50]. An x-ray of the right knee, performed in May of 2007, however, revealed no abnormality. [AR 413]. Plaintiff also reports anxiety, depression and difficulty sleeping. [AR 46]. She has received significant treatment for her mental problems and problems associated with alcohol abuse. [AR 268-338, 459-492].

Plaintiff was evaluated by state examining physician Dr. Martin Fritzhand in October of 2007. [AR 211]. Dr. Fritzhand found that Plaintiff ambulated with a normal gait and was comfortable in the sitting and supine positions. [AR 212]. He also found that her muscle and grasp strength were well preserved over the upper extremities and that her manipulative ability was normal. [AR 212]. He found that she could bend forward to ninety degrees and squat without difficulty. *Id.* Her knee and ankle range of motion was also within functional limits. *Id.* Based on his examination, Dr. Fritzhand found that Plaintiff could perform at least a moderate amount of a wide variety of activity, but that she would probably complain of pain upon prolonged or repetitive use of her left hand. [AR 213].

Plaintiff's case was also evaluated by psychiatric consultant, Jay Athy, Ph.D. [AR 215]. Dr. Athy found that Plaintiff had mild limitations with activities of daily living, social functioning and maintaining concentration. [AR 225]. Further, he found that she

3

had no episodes of decompensation that were of extended duration. *Id.* Giving great weight to Plaintiff's mental health treatment records, Dr. Athy found that Plaintiff's functional limitations were not severe. [AR 227]. Consultant Ilze Sillers, Ph.D., rendered a mental RFC. [AR 251]. Dr. Sillers found that, since Dr. Athy's evaluation, Plaintiff had developed additional symptoms of mental illness. *Id.* Nevertheless, she found that Plaintiff was able to understand, remember, and carry out simple and detailed tasks. *Id.* She also determined that Plaintiff was able to maintain concentration for two-hour segments over an eight-hour period and that she demonstrated adequate judgment. *Id.*

Michelle Martin, PA-C, rendered an opinion regarding Plaintiff's physical functional abilities in February 2009. [AR 457]. Ms. Martin found that Plaintiff's only functional limitations resulted from the problems with her left wrist and hand, and included decreased grip strength, decreased range of motion and a diminished ability to perform fine manipulation. [AR 456].

ALJ Sparks issued his decision on July 22, 2009. He found that medical evidence established the following combination of severe impairments: "muscle disorders with pain, arthritis, affective/mood disorder and an anxiety disorder." [AR 33]. The ALJ found these impairments to be severe in combination within the meaning of the regulations, but not severe enough to meet or

4

medically equal one of the impairments listed in Appendix 1. *Id.* The ALJ concluded that the Plaintiff was not disabled and retained the residual functional capacity ("RFC") to perform a limited range of light work, including work as a security guard, and as an inspector/tester. [AR 38].

**II. OVERVIEW OF THE PROCESS**

The ALJ, in determining disability, conducts a five-step analysis:

1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2. An individual who is not working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)," then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th

5

Cir. 1994)(citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

**III. STANDARD OF REVIEW**

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo,* nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's findings is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter,* 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip,* 25 F.3d at 286.

**IV. ANALYSIS**

    **A. THE ALJ DID NOT ERR IN EVALUATING PLAINTIFF'S TESTIMONY REGARDING HER PAIN, SYMPTOMS, AND LIMITATIONS**

Plaintiff argues that the ALJ did not give appropriate

consideration to her subjective allegations of pain and reduced ability to function. Specifically, Plaintiff argues that the ALJ did not give a specific rationale for rejecting Plaintiff's testimony, as required by SSR 96-7P, 1996 WL 374186 (July 2, 1996). While Plaintiff suggests that ALJ Sparks erred by disregarding her complaints without adequate explanation, the ALJ's opinion provides specific reasons for his finding with respect to Plaintiff's credibility. First, the ALJ relied on Plaintiff's own testimony regarding the persistence of her symptoms and her ability to perform activities of daily living. [AR 35]. He also relied on the results of Dr. Fritzhand's examination, which indicated that Plaintiff's functional abilities were not significantly limited. *Id.* Plaintiff's complaints of debilitating pain were not substantiated by objective medical evidence. The ALJ engaged in a reasoned analysis of Plaintiff's credibility and, contrary to Plaintiff's assertion, did not make a "single, conclusory statement" or simply "recite the factors that are described in the regulations for evaluating symptoms." Accordingly, the ALJ did not err in evaluating Plaintiff's symptoms.

### B. THE ALJ DID NOT ERR IN EVALUATING THE MEDICAL OPINIONS OF RECORD

In her memorandum in support of her motion for summary judgment, Plaintiff makes an undeveloped argument that the ALJ erred by "substituting his own opinion for that of the physicians of record." Plaintiff devotes less than one-half page to this

7

argument, and cites to no specific instance in which the ALJ "substitut[ed] his own opinion," for that of any particular physician. As this Court has stated, "[t]he parties shall provide the Court with specific page citations to the administrative record to support their arguments. The Court will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments." Gen. Order 09-13 (E.D. Ky. Nov. 6, 2009)(citing *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006)).

Nevertheless, there is no indication that the ALJ substituted his own opinion for that of any physician. Plaintiff provides no treating physician's opinion which would be entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2). Further, the ALJ's RFC is consistent with the opinions of Drs. Fritzhand, Sillers, and Athy, as well as Michelle Martin, PA-C. Accordingly, the RFC is supported by substantial evidence, viewing the administrative record as a whole.

### C. THE HYPOTHETICAL POSED TO THE VOCATIONAL EXPERT WAS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff argues that the hypothetical posed to the vocational expert ("VE") did not portray Plaintiff accurately. Specifically, Plaintiff claims that the ALJ failed to adequately explain Plaintiff's mental status, in that he did not include the severity of Plaintiff's diagnosed mental disorder. This is where Plaintiff's development of the argument ends, however. As in her

prior argument, Plaintiff failed to cite any case law or evidence in the record to explain her contention regarding the ALJ's hypothetical. The hypothetical included the following description of Plaintiff's mental condition:

> [t]his person can understand, remember, and carry out simple and detailed tasks with some concrete variables. She can maintain concentration and attention for two hour segments over an eight hour day. Demonstrate adequate judgment and make adequate decisions. Complete a normal work week without excessive interruptions from psychologically based symptoms. Responds appropriately to supervisors and co-workers. Can deal with the public to deliver low level personal services. Adapt to simple changes and avoid hazards.

[AR 55]. This description is consistent with the opinions of Drs. Sillers and Athy. Further, it does not conflict with the records from Plaintiff's mental health treatment sources. Accordingly, the hypothetical posed to the VE was based on substantial evidence in the record.

**V. CONCLUSION**

For the foregoing reasons, we **DENY** Plaintiff's Motion for Summary Judgment and **GRANT** Defendant's Motion for Summary Judgment.

This the 18th day of November, 2011



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge